# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-99-00703-CR

**Susana Cobio, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
## NO. 0991437, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

A jury found appellant Susana Cobio guilty of aggravated assault and assessed punishment at imprisonment for twelve years. *See* Tex. Penal Code Ann. § 22.02(a)(2) (West 1994). In two points of error, appellant contends the evidence is legally and factually insufficient to sustain the conviction. We will overrule these contentions and affirm.

The complainant, Deborah Halsell, lived in a house with several other persons, including appellant. There had been hard feelings between Halsell and appellant, who believed that Halsell had been sleeping with appellant's common-law husband. Halsell testified that on December 7, 1998, appellant seized her by the hair and attacked her with a long kitchen knife. As she did this, appellant shouted obscenities at Halsell and said she was going to kill her. Halsell received two stab wounds to her left shoulder, and a third to the left upper back, near the neck. Police officers and emergency medical personnel called to the scene found Halsell in the kitchen, screaming and bleeding profusely from her wounds.

Appellant was not at the house when the police arrived. Halsell and others who were present did not, at first, identify appellant (or anyone else) as the attacker. Testifying in her own behalf, appellant denied stabbing Halsell and said she was not at the house when the incident took place. Appellant's common-law husband corroborated appellant's testimony.

Appellant contends the evidence is legally insufficient to support a finding that she used a deadly weapon in the commission of the offense, which was the aggravating element in this case. *See id.* Halsell testified that appellant stabbed her with a "long knife." Halsell told a paramedic at the scene that she had been stabbed with a "kitchen knife." The knife was not recovered, and hence was not introduced in evidence.

As a general rule, a knife is not a deadly weapon *per se*, but can become a deadly weapon if it is used or intended to be used in a manner capable of causing death or serious bodily injury. *See Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991); Tex. Penal Code Ann. § 1.07(a)(17)(B) (West 1994). Halsell testified that appellant struck at her repeatedly with the knife while threatening to kill her. Halsell sustained three stab wounds. From this evidence, a rational trier of fact could find beyond a reasonable doubt that appellant used and intended to use the knife in a manner capable of causing death or serious injury. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981) (standard of review). Point of error one is overruled.

Appellant also contends the evidence is factually insufficient to sustain the guilty verdict. A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so

greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We must maintain appropriate deference to the jury's verdict by finding error only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Id*. at 9. A decision is not manifestly unjust merely because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). Viewing all the evidence neutrally, we conclude that the jury's verdict is not manifestly wrong or unjust. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Jones[*]

Affirmed

Filed: January 19, 2001

Do Not Publish

[*]  Before J. Woodfin Jones, Justice (former), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 75.003(a)(1) (West 1998).